IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YOSVEL MACHIN-ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-322-KC |
| | § | |
| WARDEN, ERO EL PASO CAMP | § | |
| EAST MONTANA et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Machin-Romero's Motion for Temporary Restraining Order ("Motion"), ECF No. 2, requesting that Respondents be enjoined from "removing him to a third country without a meaningful opportunity to be heard on a potential fear-based claim for relief." *Id.* at 2.

Machin-Romero is a Cuban citizen. Pet. ¶ 1, ECF No. 1. Machin-Romero is subject to a final order of removal following a denial of his asylum application in 2020. Mot. ¶ 2. Because he could not be removed, Immigration and Customs Enforcement ("ICE") released him under an Order of Supervision ("OSUP"). *Id.* ¶ 2. On November 4, 2025, Machin-Romero's OSUP was revoked and he was re-detained. Pet. ¶ 6.

Generally, when a noncitizen is ordered removed from the United States, they may be detained. 8 U.S.C. § 1231(a)(2)(A). However, detention may only last for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701.

Machin-Romero has been in custody in the post removal order context for approximately three months. Machin-Romero states that ICE has notified him "that it would attempt to remove

him to Mexico, and that if he refused, he would be transferred back to 'Alligator Alcatraz.'"

Mot. ¶¶ 4, 23, 33. Thus, by his Motion's very own terms, Machin-Romero defeats his claim. It

appears that Machin-Romero cannot be removed to Mexico without his consent. *See id.* And

transfers between facilities are discretionary decisions made by ICE that are generally not

reviewable under *Zadvydas*.

Further, the Court appreciates Machin-Romero's counsel's candor, but as acknowledged,

the specific relief he seeks has been stayed by the Supreme Court after a district court granted a

preliminary injunction. Mot. ¶ 12 (citing *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025)). And although

"notice roughly 24 hours before removal, devoid of information about how to exercise due

process rights to contest that removal, surely does not pass muster," *A.A.R.P. v. Trump*, 605 U.S.

91, 95 (2025), this case does not present that issue. Again, it appears by all accounts that

Machin-Romero can refuse to go to Mexico, not only effectively contesting his removal to that

country, but preventing it. This is not a situation in which ICE attempts to remove an individual

to a third country without obtaining their consent or without affording them an opportunity to

express a credible fear as to that country.

Therefore, on these allegations, Machin-Romero is unlikely to succeed on the merits of

this issue because he retains the ability to refuse removal to Mexico.[1]

Accordingly, the Motion, ECF No. 2, is **DENIED**.

---

[1] To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)). "The last two factors merge when the government is the opposing party." *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

3

**SO ORDERED**.

**SIGNED** this 6th day of February, 2026.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE