IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YOSVEL MACHIN-ROMERO, | § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-322-KC |
| WARDEN, ERO EL PASO CAMP EAST MONTANA et al., | § § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Machin-Romero's Second Motion for Temporary Restraining Order ("Motion"), ECF No. 5, requesting that Respondents be enjoined from "removing him to a third country without a meaningful opportunity to be heard on a potential fear-based claim for relief." *Id.* at 2.

Machin-Romero is a Cuban citizen. Pet. ¶ 1, ECF No. 1. Machin-Romero is subject to a final order of removal following a denial of his asylum application in 2020. Mot. ¶ 2. Because he could not be removed, Immigration and Customs Enforcement ("ICE") released him under an Order of Supervision ("OSUP"). *Id.* ¶ 2. On November 4, 2025, Machin-Romero's OSUP was revoked and he was re-detained. Pet. ¶ 6. He then filed his Petition arguing that his continued detention is unlawful. The Court ordered that Respondents show cause why the application for a writ of habeas corpus should not be granted. Feb 5, 2026, Show Cause Order 2, ECF No. 3.

On February 5, 2026, Machin-Romero filed his first Motion for Temporary Restraining Order, alleging that Respondents were attempting to remove him to Mexico and that if he refused, he would be transferred to a different detention facility. 1st Mot. TRO, ECF No. 2. The Court denied the motion because Machin-Romero acknowledged that he could refuse to be

removed to Mexico. *See* Feb. 6, 2026, Order 2, ECF No. 4. In his renewed Motion, Machin-Romero adds that he has now been transferred to two different detention facilities in South Texas and that Respondents have stated "he was being transferred with sixteen other detainees so that a bus could take them to Mexico." Mot. ¶¶ 5–6.

First, Machin-Romero can be lawfully removed from the United States, as he is subject to a final order of removal. And transfers between facilities in order to effectuate his lawful removal are generally appropriate. It appears that Respondents have moved Machin-Romero to effectuate his removal to Mexico. Mot. ¶¶ 5–9, 38–39. As to the lawfulness of his removal, at this time, Machin-Romero only offers speculation that he will be unlawfully removed to Mexico. *See generally id.* As the Court explained in its previous Order, it appears by all accounts that Machin-Romero can refuse to go to Mexico, not only effectively contesting his removal to that country, but preventing it. *See* Feb. 6, 2026, Order 2. And although it appears ICE continues to warn Machin-Romero that his removal to Mexico is imminent, *see* Mot. ¶ 5, this does not necessitate the conclusion that Machin-Romero has not been, or will not be, provided with some form of reasonable fear screening before, and if, he is sent to Mexico. Indeed, Machin-Romero was not removed to Mexico on February 5, and it appears he still has yet to be removed. *See generally* Mot. Thus, this is still not a situation in which ICE attempts to remove an individual to a third country without obtaining their consent or without affording them an opportunity to express a credible fear as to that country. *See* Feb. 6, 2026, Order 2.

Machin-Romero argues that "Respondents have not yet provided any meaningful notice . . . so it is difficult for [him] to explain the basis for his fear-based claim as to a specific country." Mot. ¶ 28. However, Machin-Romero is aware that Respondents are attempting to remove him to Mexico. Thus, he should be able to continue objecting to his removal and articulate any

2

credible fear as to Mexico. And under Machin-Romero's own description of Respondents' policies, if he "affirmatively states a fear," Respondents must give him a screening "within 24 hours of referral" at a minimum. *Id.* ¶ 13. As stated in denying the previous TRO, the more expansive protections and longer timetable that Machin-Romero seeks have been disapproved by the Supreme Court. *Id.* ¶ 12 (citing *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025)).

In sum, Respondents may continue to pursue Machin-Romero's lawful removal from the country. *See generally*, Feb. 5, 2026, Show Cause Order. But, in the event that Machin-Romero's speculations of unlawful removal become concrete or Machin-Romero is removed in a manner he believes unlawful, he may inform the Court and renew his request for relief.

Accordingly, the Court **ORDERS** that Machin-Romero's Motion, ECF No. 5, is **DENIED**.

**SO ORDERED**.

**SIGNED** this 12th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE