**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YOSVEL MACHIN-ROMERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-322-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Machin-Romero's Third Motion for Temporary Restraining Order ("Third TRO Motion"), ECF No. 9, requesting that Respondents be enjoined from "removing [him] from this District and from removing [him] via a third country deportation without providing him and his counsel meaningful notice and opportunity to assert a fear-based claim." *Id.* at 22–23.

Machin-Romero is a Cuban citizen. Pet. ¶ 1, ECF No. 1. Machin-Romero is subject to a final order of removal following a denial of his asylum application in 2020. Mot. ¶ 2. Because he could not be removed, Immigration and Customs Enforcement ("ICE") released him under an Order of Supervision ("OSUP"). *See id.* ¶ 2; Pet. ¶ 4. On November 4, 2025, Machin-Romero's OSUP was revoked and he was re-detained. Pet. ¶ 6. He then filed his Petition for a Writ of Habeas Corpus, ECF No. 1, challenging his continued detention as unlawful. In response to the Court's Show Cause Order, ECF No. 3, Respondents filed their Response, ECF No. 7. And, upon review of the Response, the Court ordered Respondents to file a status update specifying whether Cuba had accepted Machin-Romero for removal, remaining obstacles, concrete steps

taken, and an anticipated timeline for his removal from the United States by March 13.  Feb. 20, 2026, Order 2, ECF No. 8.

On February 5, 2026, Machin-Romero filed his first Motion for Temporary Restraining Order ("TRO"), alleging that Respondents were attempting to remove him to Mexico and that if he refused, he would be transferred to a different detention facility.  *See* 1st TRO Mot., ECF No. 2.  The Court denied the motion because Machin-Romero acknowledged that he could refuse to be removed to Mexico.  *See* Feb. 6, 2026, Order 2, ECF No. 4.  In his Second TRO Motion, Machin-Romero added that he was transferred to two different detention facilities in South Texas and that Respondents told him that "he was being transferred with sixteen other detainees so that a bus could take them to Mexico."  2d TRO Mot. ¶¶ 5–6, ECF No. 5.  The Court denied his Second Motion because "Machin-Romero only offer[ed] speculation that he [would] be unlawfully removed to Mexico."  Feb. 12, 2026, Order 2, ECF No. 6.  In doing so, the Court noted that "in the event that Machin-Romero's speculations of unlawful removal become concrete or Machin-Romero is removed in a manner he believes unlawful, he may inform the Court and renew his request for relief."  *Id.* at 3.

Now, Machin-Romero has filed his Third TRO Motion.  In terms of new information, Machin-Romero's counsel received notice from Machin-Romero's wife, who received a call from his cellmate, that Machin-Romero was removed from the detention center around 1:00 am on March 12.  3d TRO Mot. ¶ 8.  Counsel could not "locate [Machin-Romero] in her Enforcement and Removal Operations (ERO) portal."  *Id.*; *see also id.* Ex. 1 ("ERO Scheduler") 2, ECF No. 9 ("Your client is not currently in an ICE detention facility").  And the ICE Detainee Locator system did not show any records for Machin-Romero.  *See id.* ¶ 8; *id.* Ex. 2 ("ICE Detainee Locator") ("Your search has returned zero (0) matching records").  Thus, "[c]ounsel

fears that [Machin-Romero] is being unlawfully deported to Mexico or another third country." *Id.* ¶ 9 (emphasis omitted).

The next day, Respondents filed their Status Report, ECF No. 10. Respondents stated that Machin-Romero "was transferred from Camp East Montanna to Winn Correctional Center in Winnfield, [Louisiana]" and he will be transferred again "to the originating office in Miami." *Id.* Ex. A ("Garite Decl.") ¶ 11. Machin-Romero was not removed to Mexico. And again, Respondents state that despite their attempts to remove him to Mexico, "he continues to refuse to comply." Garite Decl. ¶ 12. This evidences that Respondents may still be unable to remove Machin-Romero to Mexico without his consent. Again, this does not appear to be a situation in which ICE attempts to remove an individual to a third country without obtaining their consent or without affording them an opportunity to express a credible fear as to that country. *See* Feb. 12, 2026, Order 2; *see also* Feb. 6, 2026, Order 2.

What is more, Machin-Romero is currently subject to a final order of removal, which remains valid. *See* Garite Decl. ¶ 12. Therefore, Respondents have authority to continue to seek his removal from the country, pursuant to that removal order. And because Machin-Romero is removable, Respondents are allowed to transfer him between detention facilities to facilitate his removal, as transfer to another facility may make his removal more feasible. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). Thus, despite counsel's concerns otherwise, there is nothing impermissible about Machin-Romero being transferred to various detention facilities.

Machin-Romero's counsel once again argues that Machin-Romero will be removed "to a third country without . . . a meaningful opportunity to be heard on his fear-based claims" and that

because Respondents have not "provided any meaningful notice" to either Machin-Romero or his counsel "it is difficult . . . to explain the basis for his fear-based claim as to a specific country." 3d TRO Mot. ¶ 34.  However, Machin-Romero has now been on notice that Respondents seek to remove him to Mexico since he filed his first TRO Motion.  And under Machin-Romero's own description of Respondents' policies, if he "affirmatively states a fear," Respondents must give him a screening "within 24 hours of referral" at a minimum.  2d TRO Mot. ¶ 13; *see also* 3d TRO Mot. ¶ 16.  Yet, Machin-Romero has yet to allege that he has affirmatively requested a credible fear screening as to Mexico and that Respondents have refused to provide that screening or any similar allegations.  *See generally* 3d TRO Mot.; 2d TRO Mot.; 1st TRO Mot.  Thus, at this juncture, it does not appear that Machin-Romero is being denied the opportunity to express a credible fear.  And his counsel's assertions that a claim cannot be properly explained because no country has been identified, is unavailing.  Lastly, Machin-Romero's Reply, ECF No. 11, does not change this conclusion.[1]

In sum, Respondents may continue to pursue Machin-Romero's lawful removal from the country.  *See generally* Show Cause Order. In such circumstances, transferring Machin-Romero from detention facilities, or seeking his consent for removal to Mexico, do not warrant the extraordinary remedy of a TRO.  As the Court previously stated, in the event that Machin-Romero's speculations of unlawful removal become concrete or Machin-Romero is removed in a manner he believes unlawful, he may inform the Court and renew his request for relief.  *See* Feb.

---

[1] In the Reply, Machin-Romero argues that the Fifth Circuit's recent decision in *Buenrostro-Mendez* does not bar relief in this matter.  Reply 2–6 (citing *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026)).  He appears to argue that this is so because of a Central District of California case "vacating the Board of Immigration Appeals decision upon which *Buenrostro* is predicated" and because the *Buenrostro-Mendez* decision is based on statutory interpretation.  *See id.* at 2 (citing *Maldonado Bautista, v. Santacruz*, No. 25-cv-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026)). This argument is wholly inapplicable to this context.  *Buenrostro-Mendez* and *Maldonado Bautista* both deal with pre-final-removal-order detention under 8 U.S.C. §§ 1226 and 1225.  Machin-Romero, however, is subject to a final order of removal and is thus detained under § 1231.

12, 2026, Order 3.  This, however, does not mean that Machin-Romero's counsel may hastily file motions for TRO's whenever there is a development, without regard to the significance or urgency of that development, in Machin-Romero's case.  <u>Thus, counsel is cautioned that she should exercise her professional judgment in filing any future emergency motions and verify that circumstances have truly changed as to imminent unlawful action from the Government, before requesting relief.</u>

Accordingly, the Court **ORDERS** that Machin-Romero's Motion, ECF No. 9, is **DENIED**.

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5